IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANNE M. RAMOS, | : | |
| | : | |
| Plaintiff, | : | Docket: 22 Civ. |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| PORT AUTHORITY TRANS-HUDSON CORPORATION, | : | |
| | : | JURY TRIAL REQUESTED |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, Anne M. Ramos, residing at 97 Kennedy Blvd., Bayonne, NJ 07002, by way of Complaint against Defendant, states as follows:

1. This action is commenced pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

Parties

2. Defendant, Port Authority Trans-Hudson Corporation ("PATH"), is a wholly owned subsidiary of The Port Authority of New York and New Jersey, duly authorized by the Laws of the State of New York and the Laws of the State of New Jersey, and that the parent, The Port Authority of New York and New Jersey, is a body corporate and politic created by a Compact between the States of New York and New Jersey, with the consent of the Congress of the United States.

3. Defendant PATH is a railroad corporation organized and existing under and by virtue of the laws referred to above, and as such is engaged as a common carrier by rail in interstate commerce, owning, operating and maintaining an interstate railroad system including

property, tracks and other railroad facilities within multiple states, with its principal place of business located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007.

4. Plaintiff, Anne M. Ramos, is an individual residing in Bayonne, New Jersey, and at all pertinent times stated herein was employed by Defendant as a Conductor.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 45 U.S.C. §56.

6. At all pertinent times stated herein, Defendant was an intrastate and interstate carrier, and was engaged in interstate transportation and commerce. As a part of her duties as an employee of Defendant, Plaintiff was working in furtherance of interstate commerce and participating in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant.

7. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendant's stations within the jurisdiction of this Court.

## Factual Allegations

8. On or about March 9, 2019, Plaintiff, while so employed by Defendant and as a part of her duties as a Conductor, was assigned to work passenger service on a train traveling from Journal Square station to Hoboken station to 33rd Street station. During her trip, between 23rd Street and 33rd Street, in New York, NY, Plaintiff was exposed to a strong chemical odor that caused her dizziness, headache, and nausea.

9. Prior to Plaintiff's trip on said date, Defendant had received complaints from other employees that there was a strong chemical odor in the vicinity of 23rd and 33rd Street stations.

10. Plaintiff reported the odor to Defendant's Safety Supervisor when she arrived at 33rd Street station. He dismissed her complaints and failed to take reasonable precautions to provide for Plaintiff's safety. Plaintiff was required as a part of her duties to continue in passenger service on the train.

11. Plaintiff's exposure to the dangerous chemical odor continued during her return trip. She called her immediate supervisor upon arriving in Hoboken station to again report the chemical odor. She was told to continue her duties as Conductor.

12. Upon arrival at Journal Square station, Plaintiff reported to Defendant the severity of the odor and that she had a headache, sore throat, burning in her chest, and was feeling ill.

13. Defendant ordered Plaintiff to continue in service, which would have required her to travel back to 33rd Street station.

14. Plaintiff refused to continue and removed herself from service, stating that she was too sick to continue working and she feared additional exposure to the chemical odor. The next day she sought medical treatment for her symptoms.

15. As a direct and proximate result of the incident, Plaintiff suffered severe and permanent injuries, including but not limited to chest tightness, shortness of breath, chronic cough, and reactive airway disease.

16. Plaintiff further suffered severe and debilitating mental and emotional distress as a direct and proximate result of the subject incident.

17. As a result of the incident, Plaintiff's injuries require ongoing medical care and treatment.

18. In treatment of said injuries, Plaintiff incurred medical and hospital expenses in the past, and will, with reasonable certainty, be forced to suffer such expenses in the future.

19. Said injuries have caused Plaintiff pain, suffering and mental anguish and will, with reasonable certainty, continue in the future and be permanent.

20. As a result of said injuries arising from the incident, Plaintiff lost income that she otherwise would have earned and will, with reasonable certainty, lose such income in the future.

<u>CLAIM FOR RELIEF</u>
<u>Federal Employers' Liability Act</u>

21. Plaintiff repeats and realleges every allegation in paragraphs 1 through 20 of this Complaint as if fully rewritten herein.

22. The injuries suffered by Plaintiff on or about March 9, 2019, as described herein, occurred as a result of the negligence of Defendant.  Said negligence includes, but is not limited to, failing to provide Plaintiff with a reasonably safe place to work, failing to inspect and maintain its facilities, failing to provide adequate ventilation, failing to ensure the air was safe to breath, failing to provide sufficient instruction and warning, allowing the use of unreasonably hazardous and dangerous chemicals at Defendant's stations, ordering Plaintiff to work in conditions that Defendant knew or should have known would cause injury to Plaintiff, failing to provide safe and appropriate personal protective equipment, and failing to provide adequate help and assistance.

23. As a result of said negligence, Plaintiff has suffered damages as set forth herein, including pain, suffering and mental anguish, hospital and medical expenses, and lost income that she otherwise would have earned.  All said damages were incurred in the past and will with reasonable certainty be incurred in the future and be permanent.

24. Plaintiff's damages described herein were in excess of One Hundred Thousand Dollars ($100,000.00).

WHEREFORE, Plaintiff, Anne M. Ramos, demands judgment against Defendant, Port Authority Trans-Hudson Corporation, on her First Claim for Relief in a sum in excess of One Hundred Thousand Dollars ($100,000.00) for damages, interest, and costs incurred herein and any other relief which the Court may deem proper.

Respectfully submitted,

By: /s/ Marc Wietzke
MARC WIETZKE
FLYNN & WIETZKE, P.C.
1205 Franklin Ave., Suite 370
Garden City, N.Y. 11530
T: (516) 877-1234
F: (516) 877-1177
mwietzke@felaattorney.com

Local Counsel for Plaintiff
Anne M. Ramos

### JURY DEMAND

Plaintiff hereby requests a trial by jury in the manner specified by law.

/s/ Marc Wietzke
Marc Wietzke, Esq.